**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MASTER STEVEDORES ASSOCIATION OF TEXAS et al., Respondents,**

and

**Local 872, International Longshoremen's Association, AFL–CIO, Intervenor.**

No. 25078.

United States Court of Appeals Fifth Circuit.

Oct. 31, 1969.

recting the members of the respondent association to refrain from further violations of section 8(a), 29 U.S.C. § 158(a). The Board found that these employers violated section 8(a) (3) and (1) by permitting hiring preferences by a union hiring hall, and section 8(a) (2) and (1) by permitting gang foremen and bolsters( assistant gang foremen) to represent the union at the bargaining table.

Respondents' contract with Local 872 of the International Longshoremen's Union provided that the union would operate a hiring hall at Houston, Texas, which would provide dockworkers "irrespective of Union affiliation." A gang foreman, chosen by respondent association from a list of union members submitted by the union was to "pick up" a gang whenever requested by a stevedore to do so. The longshoremen "picked up" were to proceed to shipside, where they would be accepted or rejected by the walking foreman, a representative of the stevedore.

The Board found that the union encouraged union membership by refusing to hire certain nonmembers. The union has entered into a settlement under which it has made restitution to the five men against whom the Board found specific acts of discrimination.

The Board seeks enforcement against the stevedores on the grounds that the gang foremen acted as their agents for hiring purposes. The respondents challenge this finding.

The Board's principal contention is that the gang foremen and bolsters fit the statutory definition of supervisors, and are therefore agents of the stevedores. We discuss below our conclusion that the gang foremen and bolsters are not supervisors. In any event, we view as unsound the Board's position that the stevedores are responsible as principals for the gang foremen's hiring practices.

The term "supervisor" means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline

Marcel Mallet-Prevost, Asst. Gen. Counsel, Edward E. Wall, Atty., N. L. R. B., Washington, D. C., for petitioner.

Robert Eikel, Arthur J. Mandell, Sidney Ravkind, Houston, Tex., for intervenor Intl. Longshoremen's Assn., Local 872, AFL-CIO.

Before COLEMAN and GODBOLD, Circuit Judges, and SCOTT, District Judge.

GODBOLD, Circuit Judge.

The National Labor Relations Board petitions for enforcement of its order di-

other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment. 29 U.S.C. § 152(11).

Under the Taft-Hartley Amendments, more is required to charge the stevedores than that those who make up a gang act "in the interest of the employer." Under those amendments, employers are responsible only for the acts of their common law agents. Lummus Co. v. NLRB, 119 U.S.App.D.C. 229, 339 F. 2d 728 at 735 (1964); NLRB v. International Longshoremen's and Warehousemen's Union, Local 10, 283 F.2d 558 at 563, 100 A.L.R.2d 348 (9th Cir. 1960). The decisions of this Court have placed on this an additional gloss. In the peculiar industrial setting of the docks, where each stevedore must of necessity rely on the union to supply its widely varying labor requirements, the stevedores will not be responsible for the discriminatory acts of the union except where they know or reasonably should know of the discriminatory acts. NLRB v. Houston Maritime Ass'n, 337 F.2d 333 (5th Cir. 1964); NLRB v. Southern Stevedoring & Contracting Co., 332 F.2d 1017 (5th Cir. 1964).

Nor does this conclusion conflict with two cases in which the union was found to be the hiring agent of the employer. Morrison-Knudsen Co. v. NLRB, 275 F. 2d 914 (2d Cir. 1960); NLRB v. H. K. Ferguson Co., 337 F.2d 205 (5th Cir. 1964). Neither case stands for the proposition that an employer without knowledge can be held responsible for hiring hall practices of which it is reasonably unaware. In both cases the union exacted referral fees or "dobies" from nonmembers, a practice of which the employers should have known. *H.*

K. Ferguson was expressly limited to the circumstances of that case. 337 F.2d at 208–209.

■ The Board here points to no circumstances which should have alerted the stevedores to the union's discrimination. The agreement is not discriminatory on its face; in fact, it expressly forbids preferential conduct. Discrimination will not be inferred from the contract. Local 357, International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. NLRB, 365 U.S. 667 at 675, 81 S.Ct. 835 at 839, 6 L. Ed. 11 at 18 (1961). Under these circumstances, the union's discriminatory shaping up of gangs is not attributable to the stevedores.

■ The Board further contends that the association engaged in an unfair labor practice by negotiating with gang foremen as bargaining representatives of the union.[1] The Board is vested with broad discretion in determining who among the infinitely subtle hierarchy of workers will be deemed a supervisor. NLRB v. Security Guard Service, Inc., 384 F.2d 143 (5th Cir. 1967). However, recognizing that the protections of the Labor-Management Relations Act granted to employees are not available to supervisors, 29 U.S.C. § 152(3), this Court has held that the exception from the Act of supervisors must be construed narrowly:

[The test] is not alone that he may hire or fire or lay off or discipline. He must do so in the interest of the employer. He must then, when acting, become in effect a part of management * * *. The entire work force from the president down to the messenger boy in one sense acts in the interest of the employer, as Congress well knew. Surely it contemplated some other test than is afforded by a sheerly literal reading of section 2(11).

1. Supervisors are ineligible to represent the union because "[e]mployees have the right to be represented in collective-bargaining negotiations by individuals who have a single-minded loyalty to their interests." Nassau & Suffolk Contractors' Ass'n, Inc., 118 N.L.R.B. 174, 187 (1957).

NLRB v. Security Guard Service, Inc., *supra* at 148, quoting International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, A.F.L.–C.I.O. v. NLRB, 111 U.S.App.D.C. 383, 298 F.2d 297 at 303 (1961), cert. den. *sub nom.* Gulf Bottlers, Inc. v. NLRB, 369 U.S. 843, 82 S.Ct. 875, 7 L.Ed.2d 847 (1962).

*Security Guard* requires "[s]ome kinship to management, some emphatic relationship between employer and employee * * * before the latter becomes a supervisor for the former." 384 F.2d at 149. The gang foremen and bolsters in this case had no such relationship. They were nominated in the first instance by the union from the union membership to fulfill the union's obligation under its contract with the stevedores. There is no showing of any identity of interest between these men and the employers.

The petition for enforcement of the Board order as to the respondent stevedores is denied.